UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADEGBOYEGA ADESEYE,

    Plaintiff,

Case No. 15-14328

v.

Hon. John Corbett O'Meara

JOSEPH A. BANKS,

    Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant's motion to dismiss, filed December 21, 2015. Plaintiff submitted a response on January 8, 2016. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

## BACKGROUND FACTS

Plaintiff Adegboyega Adeseye, who is African American, alleges that he was employed as a department manager for Defendant Joseph A. Bank Clothiers, Inc., beginning in May 2014. He contends that he had no performance problems "until he complained about an affair between the store manager and staff associate who are not African-American." Compl. at ¶ 8. Plaintiff complains that the staff associate involved in the affair received more hours and pay than he did. Plaintiff further alleges that Defendant "failed to respond to Plaintiff's complaints and

continued to reduce his compensation because of his race and age." Id. at ¶ 10. As a result of his diminished pay and hours, Plaintiff argues that he was constructively discharged on July 31, 2015.

Plaintiff alleges violations of the Elliott-Larsen Civil Rights Act in his complaint. Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## LAW AND ANALYSIS

### I. Standard of Review

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Id. at 570. See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009). Although the court

must accept well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (citation omitted).

## II. Plaintiff's Discrimination Claims

Plaintiff argues that his employer discriminated against him based upon his race and age. Plaintiff alleges no facts, however, that give rise to such an inference. Plaintiff's factual allegations are that he complained about an affair and that the associate involved in the affair was treated more favorably than he was. These allegations do not suggest actionable discrimination under the Elliott-Larsen Civil Rights Act. See Briggs v. Univ. of Detroit - Mercy, 22 F. Supp. 3d 798, 810 (E.D. Mich. 2014) aff'd, 611 F. App'x 865 (6th Cir. 2015) ("[A]lthough the Sixth Circuit has not yet addressed the issue, the federal courts that have addressed discrimination claims premised on preferential treatment for a consensual romantic partner have [almost] uniformly concluded that favorable treatment for a paramour does not constitute unlawful gender discrimination."); Meyer v. City of Center Line, 242 Mich. App. 560, 569 (2000) (noting Michigan courts consider federal precedent "highly persuasive" when addressing claims under Elliott-Larsen).

Plaintiff's claims that his pay and hours were reduced as a result of his race and age are legal conclusions unsupported by factual allegations. Plaintiff's

complaint is insufficient to survive Defendant's motion to dismiss.

## **ORDER**

IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED and Plaintiff's complaint is DISMISSED.

            s/John Corbett O'Meara
            United States District Judge

Date:  February 11, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 11, 2016, using the ECF system.

            s/William Barkholz
            Case Manager